UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

MAURICE SYMONETTE

    Debtor(s)
_____/

CASE NO.: 18-15891-LMI

CHAPTER: 7

### RESPONSE TO DEBTORS' EMERGENCY MOTION FOR VIOLATION OF BANKRUPTCY STAY [DE 20]

COMES NOW, **HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc., AssetBacked Certificates, Series 2007-1** (the "Creditor"), by and through the undersigned counsel, hereby files this *Response* to *Debtors' Motion for Violation of Bankruptcy Stay* (the "Sanction Motion")[DE #20]; and in support, respectfully asserts that the Debtor's Motion should be denied for the following reasons:

1. The Debtor filed the instant bankruptcy on May 16, 2018.

2. Creditor is mortgagee for a loan on property owned by Debtor, 10290 SW 58th Street Miami, Florida 33173 (the "Subject Property").

3. On June 7, 2018, Debtor filed the Sanction Motion and in such Motion, the Debtor alleges that HSBC Bank USA, N.A. and the Dade County Sheriff Department violated the bankruptcy stay by trying to evict the Debtor. Upon review of the docket, the Debtor's primary address is 14100 NW 14th Ave., Miami, FL 33167 – *not* the Subject Property.

4. <u>The instant petition should be deemed void</u>. On **April 30, 2018**; the Debtor (Maurice Symonette), Kurt Marin, and Clide Ward T (collectively) filed for relief under Chapter 7 of the United States Bankruptcy Code, [Bk Case No. 18-15121-EPK]. On **May 14, 2018**, the Court entered an Order Dismissing Case for Failure to File Information with **180 days prejudice**. A true and correct copy of the "Dismissal Order" is attached hereto as Creditor's Exhibit "A." The Court never entered an order shortening the prejudice period; and as such, the instant filing (filed just **2 days later**) should not have been accepted by the Clerk. Consequently; the Debtor, technically does not have the standing to make stay violation accusations and the instant petition should be deemed void in violation of the Dismissal Order.

5. <u>The Debtor has no interest in Subject Property</u>. On **February 8, 2008** (over 10 years ago), a Final Judgment of Foreclosure was entered in connection to the Subject Property. A true and correct copy of the Foreclosure Judgment is attached hereto as Creditor's Exhibit "B."

ALAW FILE NO. 18-017793

6. On **February 18, 2015**; the Subject Property was sold at auction (Creditor as the successful bidder); and the Certificate of Sale ("COS") was issued on **February 23, 2015** – over three years ago. Furthermore, the Certificate of Title ("COT") was entered on October 27, 2015. True and correct copies of the *Certificate of Sale, Certificate of Title,* and *Writ of Possession* are attached hereto as Creditor's Exhibit "C,""D," and "E" respectively.

7. Pursuant to Section 45.0315 of the Florida Statutes; the right of redemption passed when the COS was issued; and as a result, neither this Debtor (Maurice Symonette) nor the past debtors (Clide Ward/Kurt Marin) have a legal interest in the Subject Property, and the collateral is not part of the Debtor's bankruptcy estate.

8. <u>The Eviction Proceedings</u>. As stated, the COT was issued on October 27, 2015. The Debtor, Clide Ward, and Kurt Marin have vigorously contested the Creditor's eviction proceedings since COT was issued, and each attempt has been defeated in the state court.

9. Additionally, the Debtors have (cumulatively) filed **nine** (9) separate bankruptcies[1] since the Foreclosure Judgment was entered. Most recently, the Debtors filed BK Case No. **18-15121-EPK** under an EIN # - presumably with the intention to make it more difficult for the Creditor to identify the filing through a standard PACER search for social security numbers.

10. <u>The Debtor's Sanction Allegation</u>. On May 16, 2018; the Debtor filed the instant case, ostensibly with intentions to *again* delay the eviction. Pursuant to Section 83.62 (2) of Florida Statutes, "at the time the sheriff executes the writ of possession or at any time thereafter, the landlord or the landlord or the landlord's agent may remove personal property found on the premises to or near the property line" and "neither the sheriff nor the landlord's agent shall be liable to the tenant or any other party for the loss, destruction, or damage to the property after it has been removed." The Debtor is in violation of the Dismissal Order filed in the previous case, barring the Debtor from filing Bankruptcy within 180 days. Furthermore, the Debtor has no interest in the Subject Property, and has been abusing the bankruptcy system for ten (10) years to hinder, delay and defraud the Creditor.

11. Creditor reserves the right to supplement and/or amend this Response in the future.

---

[1] 10-12697-RAM filed 02/10/2010; dismissed 05/05/2010 (Kurt Marin)
10-45600-LMI filed 11/19/2010: dismissed 07/14/2011 (Kurt Marin);
12-10066-LMI filed 01/03/2012; dismissed 01/31/2013 (Kurt Marin);
12-23756-LMI filed 06/04/2012; dismissed 01/11/2013 (Maurice Symonette);
15-28143-JKO filed 10/13/2015; dismissed 02/05/2016 (Maurice Symontte);
16-13958-AJC filed 03/21/2016; dismissed 05/06/2016 (Kurt Marin) ;
16-20959-EPK filed 08/08/2016; dismissed 07/11/2017 (Maurice Symonette);
18-15121-EPK filed 04/30/2018; dismissed 05/14/2018 (Maurice Symonette, Kurt Marin, and Clide Ward)
18-15891-LMI filed 05-16/2018 (the instant case)
ALAW FILE NO. 18-017793

WHEREFORE, , **HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc., AssetBacked Certificates, Series 2007-1,** respectfully requests that this Court enter an Order denying Debtors' Sanction Motion with language indicating that the Debtor has no interest in the Subject Property; and awarding any and all other relief that this Court deems just and appropriate (including Creditor's attorney fees).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via electronic and/or regular U.S. Mail to the parties on the attached service list, this 20th day of June 2018, I served a copy of the foregoing upon:

**SERVICE LIST**
Maurice Symonette
14100 NW 14 AVE
Miami, FL 33167

Joel L. Tabas
25 SE 2nd Avenue
Suite 248
Miami, FL 33131

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

 

        Jeffrey S. Fraser, Esq.
        **Albertelli Law**
        Attorney for Secured Creditor
        PO Box 23028
        Tampa, FL 33623
        Telephone: (813) 221-4743
        Facsimile: (813) 221-9171

        By: */s/ Jeffrey Fraser, Esq.*
        Jeffrey Fraser
        Florida Bar No: 0085894

# EXHIBIT A

CGFD15 (10/1/16)



**ORDERED in the Southern District of Florida on May 14, 2018**



**Erik P. Kimball**
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

Case Number: 18−15121−EPK
Chapter: 7

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*
Maurice Symonette, Kurt Marin, and Clide Ward T
2033 Linton Lake Dr #B
Delray Beach, FL 33445

EIN: 82−7101308

## ORDER DISMISSING CASE

At the time of filing of the above referenced case on **April 30, 2018**, the debtor was provided notice by the court of filing requirements and the deadline(s) to correct deficiencies.

**1)** As of the date of this order, the debtor has failed to correct the following deficiency(ies) by the required **05/08/2018** deadline:

A corporation, partnership, trust or other business entity cannot file a petition on its own behalf without counsel (Local Rule 9010−1(B)(1)).

The petition was not accompanied by a corporate ownership statement as required by Bankruptcy Rule 1007(a)(1).

**2)** The following additional requirements remain outstanding:

Official Bankruptcy Form 206Sum, A Summary of Your Assets and Liabilities
Official Bankruptcy Form 206A/B, Schedule A/B: Property
Official Bankruptcy Form 206D, Schedule D: Creditors Who Hold Claims Secured by Property
Official Bankruptcy Form 206E/F, Schedule E/F: Creditors Who Have Unsecured Claims
Official Bankruptcy Form 206G, Schedule G: Executory Contracts and Unexpired Leases
Official Bankruptcy Form 206H, Schedule H: Your Codebtors
Official Bankruptcy Form 106Dec, Declaration About an Individual Debtor's Schedules
Official Bankruptcy Form 207, Statement of Financial Affairs for Individuals Filing for Bankruptcy

Because the debtor has failed to meet the deadline(s) in paragraph (1) above for the listed deficient items, it is

**ORDERED** that:

1. In accordance with 11 U.S.C. § 105(a), this case is dismissed with prejudice as to the filing of any bankruptcy case in any federal bankruptcy court in the United States of America by the above−named debtor for 180 days from entry of this order, or the expiration of any prejudice period set in any previous order, whichever is later.

2. All pending motions are denied as moot.

3. (If applicable) the trustee shall file a final report within 14 days of entry of this order.

4. (If applicable) the debtor shall immediately pay to the Clerk, U.S. Court, Flagler Waterview Building, 1515 N Flagler Dr, Room 801, West Palm Beach FL 33401, **$0.00** for the balance of the filing fee as required by Local Rule 1017−2(E). Payment must be made in cash, money order or cashier's or "official" check. Any funds remaining with the trustee shall be applied to this balance in accordance with the Bankruptcy Code and Local Rule 1017−2(F), unless otherwise ordered by the court. The court will not entertain a motion for reconsideration of this order unless all unpaid fees are paid at the time the motion is filed.

5. In accordance with Local Rule 1002−1(B), the clerk of court is directed to refuse to accept for filing any future voluntary petitions submitted by this debtor if the refiling violates a prior order of the court or if the petition is accompanied by an Application to Pay Filing Fee in Installments and filing fees remain due from any previous case filed by the debtor.

###

The clerk shall serve a copy of this order on all parties of record.

# EXHIBIT B

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: 07-23509 CA 23

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF NOMURA HOME EQUITY LOAN, INC., HOME EQUITY LOAN TRUST, SERIES 2007-1,

    Plaintiff,

vs.

KURT MARIN; UNKNOWN SPOUSE OF KURT MARIN IF ANY; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES OR OTHER CLAIMANTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CITY OF NORTH MIAMI BEACH, FLORIDA; JOHN DOE AND JANE DOE AS UNKNOWN TENANTS IN POSSESSION.,

    Defendants

## FINAL JUDGMENT OF FORECLOSURE
(Pursuant to Administrative Order No. 06-02 A1)

THIS ACTION was heard before the Court on Plaintiffs Motion for Summary Final Judgment on January 23, 2008. On the evidence presented IT IS ADJUDGED that:

1.    The Plaintiffs Motion for Summary Judgment is GRANTED. Service of process been duly and regularly obtained over KURT MARIN; UNKNOWN SPOUSE OF KURT MARIN IF ANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., defendants.

2.    There is due and owing to the Plaintiff the following:

| | |
|---|---:|
| Principal due on the note secured by the mortgage foreclosed | $1,155,000.00 |
| Interest on the note and mortgage from January 1, 2007 to January 23, 2008 | $107,430.49 |
| Title Search Expenses: | $400.00 |
| **Lates Charges (Pre-Acceleration)** | $1,263.27 |
| **Inspections Conducted on Property** | $45.00 |
| Appraisal(s) | $95.00 |
| Court Costs: | |
|     Filing fee | $258.00 |
|     Service of Process at $45.00 per address | $1,195.00 |
|     Publication of Notice of Action for Kurt Marin and Unknown Spouse of Kurt Marin | $45.00 |
| SUBTOTAL | $1,265,731.76 |

Additional Costs

Service/Mail Required by Law

Recording Fee (lis pendens)

$16.50

$10.50

SUBTOTAL $1,265,758.76

Attorney fees based upon 9 hours at $150.00 per hour

Less: Undisbursed escrow funds

Less: Unearned insurance premiums

$1,350.00

($9,683.25)

GRAND TOTAL: $1,257,425.51

3. The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4. Plaintiff, whose address is 3476 STATEVIEW BLVD., FT. MILL, SC 29715, holds a lien for the grand total sum specified in Paragraph 2 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The plaintiffs lien encumbers the subject property located in Miami-Dade County, Florida and described as:

**MILLER DRIVE ESTATES, PB 46-37, LOT IRREGULAR, BLOCK, N1/2 OF W1/2 OF TR 23 OF PUBLIC RECORD, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

Property Address: 10290 S.W. 58TH STREET, MIAMI, FL 33173

5. If the grand total amount with interest at the rate-described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _February 28_, 2008, **a date that shall not be less than 20 days or more than 35 days after the date of entry of this judgment**, at 11:00 a.m. to the highest bidder for cash, except as prescribed in Paragraph 6, at Room 908, 140 West Flagler Street, Miami, Florida after having first given notice as required by Section 45.031, Florida Statutes. The Clerk shall not conduct the sale in the absence of the Plaintiff or its representative.

6. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is

2



necessary to pay the bid in full. The Clerk shall receive the service charge imposed in section 45.0931, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

7. On filing of the Certificate of Sale, Defendant's right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

8. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 2 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9. On filing of the Certificate of Title, Defendant and all persons claiming under or against defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property.

10. The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that 9 hours were reasonably expended by plaintiffs counsel and that an hourly rate of $150.00 is appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED IT'S CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So.2d 1145 (Fla. 1985).

11. **NOTICE PURSUANT TO FLORIDA STATUTES § 45.031**

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR MIAMI-DADE COUNTY, TELEPHONE NUMBER 305-375-5943, 73 WEST FLAGLER STREET, MIAMI, FLORIDA, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT

Bk 26207 Pg 4660 CFN 20080111808 02/08/2008 19:09:01 Pg 3 of 4 Mia-Dade Cty, FL

FINAL SUMMARY JUDGMENT OF FORECLOSURE                                                07-23509 CA 23
HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF NOMURA HOME EQUITY LOAN, INC., HOME EQUITY LOAN TRUST, SERIES 2007-1 vs. KURT MARIN, ET AL

**YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL SERVICES OF GREATER MIAMI, INC., 305-576-0080, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT LEGAL SERVICES OF GREATER MIAMI, INC. FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

ORDERED at Miami, Florida, on _January 23_, 2008.

_____
Victoria S. Sigler, Circuit Judge

Copies furnished to:
LAW OFFICES OF DAVID J. STERN, P.A.

KURT MARIN
UNKNOWN SPOUSE OF KURT MARIN
10290 S.W. 58TH STREET
MIAMI, FL 33173

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O CRIS MULLINS, CORPORATE COUNSEL
1595 SPRING HILL ROAD, STE 310
VIENNA, VA 22182

UNKNOWN TENANTS
10290 S.W. 58TH STREET
MIAMI, FL 33173

07-91074 ( ASCF )

4

# EXHIBIT C

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HSBC BANK USA (NA) TR
Plaintiff(s) / Petitioner(s)
  VS.
MARIN, KURT , et al.
Defendant(s) / Respondents(s)

GENERAL JURISDICTION DIVISION
Case No:    07023509CA01
Section:    23

## CERTIFICATE OF SALE

**The undersigned clerk** of the court certifies that notice of public sale of the property described in the Order or Final Judgment was published in The Daily Business Review, a newspaper circulated in Miami-Dade County, Florida, in the manner shown by the proof of publication attached, and on February 18, 2015, the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property in the amount of $635,600.00 was submitted by:

Plaintiff

to whom the property was sold. Having received no money, the amount bid was credited to plaintiff in accordance with the order or final judgment or law.

WITNESS my hand and the seal of this court on February 23, 2015.

Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida

Chontell Boston-Gammons

2015 FEB 23 PM 3:02

Rev. 10/5/2009                    1

## Certificate of Service

**The Undersigned Clerk** of the court certifies that a copy of hereof of the Certificate of Sale for Civil Case No. 07023509CA01 was mailed on 02/23/2015 to:

KURT MARIN
UNKNOWN SPOUSE OF KURT MARIN
10290 S.W. 58TH STREET
MIAMI, FL 33173

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O CRIS MULLINS, CORPORATE COUNSEL
1595 SPRING HILL ROAD, STE 310
VIENNA, VA 22182

UNKNOWN TENANTS
10290 S.W. 58TH STREET
MIAMI, FL 33173

WITNESS my hand and the seal of this court on February 23, 2015.

*Harvey Ruvin*

Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida

2

# EXHIBIT D

```
CFN  2015R0694566
OR BK 29834 Pg 2777 (1Pgs)
RECORDED 10/29/2015 16:00:37
DEED DOC TAX $3,813.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HSBC BANK USA (NA) TR
Plaintiff(s) / Petitioner(s)
VS.
MARIN, KURT, et al.
Defendant(s) / Respondents(s)

GENERAL JURISDICTION DIVISION

| | |
|---|---|
| Case No: | 07023509CA01 |
| Section: | 23 |
| Doc Stamps: | $3,813.60 |
| Surtax: | $0.00 |
| Consideration: | $635,600.00 |

## CERTIFICATE OF TITLE

The undersigned clerk of the court certifies that a Certificate of Sale was executed and filed in this action on February 23, 2015, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Miami-Dade County, Florida:

MILLER DRIVE ESTATES, PB 46-37, LOT IRREGULAR, BLOCK, N1/2 OF W1/2 OF TR 23 OF PUBLIC RECORD, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Property Address: 10290 S.W. 58TH STREET, MIAMI, FL 33173

was sold to:

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC.,
ASSETBACKED CERTIFICATES, SERIES 2007-1
C/O Wells Fargo Home Mortgage
3476 Stateview Blvd.
Fort Mill, SC, 29715

WITNESS my hand and the seal of this court on October 27, 2015.

Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida

FILED FOR REC.
2015 OCT 27 PM 1:28
CLERK, CIRCUIT C...
DA... ...
CIVIL ...

Rev. 10/5/2009

1

Book29834/Page2777    CFN#20150694566                                   Page 1 of 1

# EXHIBIT E

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR MIAMI-DADE COUNTY
CIVIL DIVISION

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1

Plaintiff,

vs.

KURT MARIN AND UNKNOWN TENANTS/OWNERS,

Defendants.

Case No.   2007-CA-023509

Division   11

## ORDER ON PURCHASER'S MOTION FOR ISSUANCE OF WRIT OF POSSESSION

THIS CAUSE, having come before the Court on Purchaser's Motion for Writ of Possession, and this Court, having reviewed the motion, the court file, and after being otherwise advised in the premises, it is

ORDERED and ADJUDGED as follows:

1. The Purchaser's Motion for the issuance of a Writ of Possession is GRANTED.

2. The Clerk of Court shall forthwith issue a Writ of Possession in favor of the Purchaser for the following property:

MILLER DRIVE ESTATES, PB 46-37, LOT IRREGULAR, BLOCK, N1/2 OF W1/2 OF TR 23 OF PUBLIC RECORD, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

10290 SW 58TH ST, MIAMI, FL 33173

3. The Sheriff of Miami-Dade County shall execute Writ of Possession in accordance with law.

DONE AND ORDERED in Chambers in Miami, Miami-Dade County, Florida this 20ᵗʰ day of July, 2016.

CIRCUIT COURT JUDGE

Barbara Areces

ORDER ON PURCHASER'S MOTION FOR ISSUANCE OF WRIT OF POSSESSION

MIAMI-DADE COUNTY
2007-CA-023509
309150/1562422/cdd
Page 1

Copies furnished to:

Jennifer M. Scott
Kass Shuler, P.A.
1505 N. Florida Ave.
Tampa, FL 33602-2613
ForeclosureService@kasslaw.com
(813) 229-0900 ext 5250
Attorneys for the Purchaser

KURT MARIN
10290 SW 58TH ST
MIAMI, FL 33173

MAURICE SYMONETTE
10290 SW 58TH ST
MIAMI, FL 33173

UNKNOWN SPOUSE OF KURT MARIN
10290 SW 58TH ST
MIAMI, FL 33173

UNKNOWN TENANT(S)/OCCUPANT(S)
10290 SW 58TH ST
MIAMI, FL 33173

CLYDE WARD
10290 SW 58TH ST
MIAMI, FL 33173

ORDER ON PURCHASER'S MOTION FOR ISSUANCE OF WRIT OF
POSSESSION

MIAMI-DADE COUNTY
2007-CA-023509
309150/1562422/cdd
Page 2