**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:  CASE NO.: 18-15891-LMI
MAURICE SYMONETTE  CHAPTER: 7

    **Debtor**
_____/

**NOTICE OF FILING OF COURT ORDER FROM MACK WELLS BANKRUPTCY CASE IN SUPPORT OF SUPPLEMENTAL MOTION FOR ANNULMENT OF THE AUTOMATIC STAY [DE #51]**

COMES NOW, **HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc., AssetBacked Certificates, Series 2007-1** ("Creditor"), and gives *Notice of Filing of Court Order from Mack Wells Bankruptcy Case in Support of Supplemental Motion for Annulment of the Automatic Stay* [DE #51].

        Jeffrey S. Fraser, Esq.
        **Albertelli Law**
        P.O. Box 23028
        Tampa, FL 33623
        Telephone: (813) 221-4743
        Facsimile: (813) 221-9171

        By: /s/ Jeffrey Fraser
        Jeffrey Fraser
        Florida Bar No.: 85894

16-024308

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic mail and/or by regular U.S. mail to the parties on the attached service list on this, July 23, 2018.

Maurice Symonette
14100 NW 14 AVE
Miami, FL 33167

Joel L. Tabas
25 SE 2nd Avenue
Suite 248
Miami, FL 33131

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

                                              Jeffrey S. Fraser, Esq.
                                              **Albertelli Law**
                                              P.O. Box 23028
                                              Tampa, FL 33623
                                              Telephone: (813) 221-4743
                                              Facsimile: (813) 221-9171

                                              By: /s/ Jeffrey Fraser
                                              Jeffrey Fraser
                                              Florida Bar No.:  85894

16-024308

ORDERED in the Southern District of Florida on August 19, 2014



Robert A. Mark, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                          )    CASE NO. 13-39018-RAM
                                )    CHAPTER  7
MACK WELLS                      )
                                )
           Debtor.              )
                                )

**AMENDED ORDER DENYING MOTION FOR
SANCTIONS AND ORDER TO SHOW CAUSE WHY CASE
SHOULD NOT BE DISMISSED WITH A 2 YEAR PREJUDICE PERIOD[1]**

The Court conducted a hearing on August 7, 2014, on an Emergency Motion for Sanctions filed by the Debtor on February 20, 2014 ("Motion for Sanctions") [DE# 26]. The Debtor claims

---

[1] The Order is amended to include attachments inadvertently omitted from the last Order.

that he was evicted from "his home" located at 14100 N.W. 14th Avenue, Miami, Florida (the "14th Ave. Home") on February 14, 2014, after the filing of this bankruptcy case and without entry of an order granting relief from the automatic stay. The Motion for Sanctions was supplemented by the Debtor's Motion to Reinstate Sanctions Against Bank for Wrongful Eviction While Under Bankruptcy [DE #36].

After a series of hearings, on June 30, 2014 the Court entered an Order Reserving Ruling on Motion for Sanctions, Setting Deadlines, and Setting Further Hearing [DE #61] (the "Order Reserving Ruling"). The Order Reserving Ruling set a hearing for August 7, 2014 and required the Debtor to file a copy of the police report from the alleged eviction, the name of the moving company that participated in the alleged stay violation, the name of the Miami-Dade County Sheriff that executed the alleged eviction, and a list of the property lost with its estimated value prior to the August 7th hearing. The Debtor filed a copy a police report for a different incident which took place on April 5, 2014 [DE #66] and a Notice of Filing List of Receipts of Property Lost which contains receipts for property sold to an entity called "Boss Group Ministries" and another entity called "L & P Shipping Corp." [DE #68] (the

"Allegedly Lost Property"). Significantly, none of the Allegedly Lost Property is listed in the Debtor's schedule B [DE #47].

At the conclusion of the August 7th hearing, the Court announced that it would abstain from taking any further action on the Motion for Sanctions for several reasons, including the Debtor's failure to specifically identify the parties responsible for the eviction and the Debtor's history of filing five (5) prior bankruptcy cases. However, the Court announced on the record that it would enter an Order finding that the automatic stay was violated and that the Debtor could pursue relief in a non-bankruptcy forum.

Following the hearing, the Court has undertaken a review of the Debtor's five prior bankruptcy cases, a review of the state court docket in the state court foreclosure case of the 14th Ave. Home, Case No. 2007-23371-CA-01 (the "State Foreclosure Case"), a review of the publicly available title records on the 14th Ave. Home, and a review of the Allegedly Lost Property.

Based upon this review, and for the reasons stated below, this Court concludes that the Debtor filed this bankruptcy case in bad faith, that the Debtor has filed false schedules in this case and in a prior case, and that the Debtor has, in bad faith, filed five of his six bankruptcy cases to delay and hinder the mortgage holder's right to complete the State Foreclosure Case.

As a result, and notwithstanding any findings stated on the record at the August 7th hearing, or at prior hearings on the Motion for Sanctions, the Court is now persuaded that this Debtor should obtain no relief on the alleged stay violation and no relief in this bankruptcy case. Therefore, the Court is denying the Motion for Sanctions and setting a hearing requiring the Debtor to appear and show cause why this case should not be dismissed with prejudice for two years.

### Findings Supporting Dismissal of This Case as a Bad Faith Filing Pursuant to §707(b)(3)(A)

A.  The State Court Foreclosure Case was filed on July 25, 2007, by Deutsche Bank National Trust Company ("Deutsche Bank"). At that time, it appears that the 14th Ave. Home was owned by Leroy Williams.

B.  Following entry of a final judgment, the first scheduled sale of the 14th Ave. Home was cancelled by the filing of a bankruptcy case on November 9, 2007, by an individual named Ferris L. Rhodes, Case No. 07-19842-AJC. The Schedule A filed by Rhodes stated that he was "renting" the 14th Ave. Home.

C.  The foreclosure sale was reset for April 7, 2010. That sale was cancelled by a bankruptcy case filed on March 26, 2010, by an individual named Christina Pierre, Case No. 10-17808. It is unclear what interest, if any, she had in the 14th

Ave. Home, because she did not file schedules and her case was dismissed.

D. It is also not clear whether Ms. Pierre or Mr. Rhodes are related to the Debtor in this case, but the fact that the foreclosure sale was stopped by these two bankruptcy filings is relevant to the history of the State Foreclosure Case and the Debtor's later actions.

E. According to the public records, Leroy Williams, owner of the 14th Ave. Home, executed a Quit Claim Deed to Maurice Symonettte and the Debtor, Mack L. Wells, on January 20, 2009. The Deed was not recorded until February 27, 2014. A copy of the Deed is attached as Exhibit "A".

F. Based upon his purported ownership of the 14th Ave. Home, the Debtor, Mr. Wells, then became active in the State Foreclosure Case.

G. After Ms. Pierre's bankruptcy case was dismissed on April 14, 2010, the foreclosure sale was rescheduled for October 15, 2010. That sale was cancelled by the Debtor's bankruptcy petition filed on October 14th, a day before the sale, Case No. 10-41269. That case, Mr. Wells' second bankruptcy filing,[2] was dismissed on November 16, 2010.

---

[2] Mr. Wells first bankruptcy case, Case No. 08-12277, was filed on February 28, 2008, and dismissed on March 18, 2008. This filing appears to be unrelated to the 14th Ave. Home.

5

H.   The foreclosure sale was reset yet again for June 7, 2011 and, as further evidence of bad faith, Mr. Wells filed his third bankruptcy case on June 6, 2011, Case No. 11-25669, resulting in a cancellation of the sale.

I.   According to the docket in the State Foreclosure Case, the foreclosure sale was finally conducted on November 28, 2011. The public records reflect that Deutsche Bank was issued a Certificate of Title on December 1, 2011.  A copy of the Certificate is attached as Exhibit B.

J.   Based on the foregoing facts that are all in the public record, whatever interest the Debtor claimed in the 14th Ave. Home by virtue of the Quit Claim Deed was extinguished by the completion of the foreclosure sale and the issuance of title to Deutsche Bank in late 2011.

K.   The completion of the sale and the issuance of title did not end the Debtor's efforts to hinder and delay Deutsche Bank.  The Debtor filed his fourth bankruptcy case on February 13, 2012, Case No. 12-13445.  That case was dismissed on March 6, 2012.

L.   The Debtor apparently continued to live at the 14th Ave. Home, and not surprisingly, when Deutsche Bank filed a Motion for Issuance of a Writ of Possession on November 2, 2012, the Debtor filed his fifth bankruptcy case on December 18, 2012,

Case No. 12-40009. The bankruptcy petition was filed the same day that the Motion for Issuance of Writ of Possession was set for hearing in the State Foreclosure Case. The Debtor's Schedule A filed in Case No. 12-40009 [DE# 14, p. 3] falsely states that the Debtor is the "100%" owner of the 14th Ave. Home. This statement was knowingly false. Without question, the Debtor knew that he no longer owned the 14th Ave. Home, since he filed the bankruptcy case to stop issuance of a Writ of Possession sought by the title owner, Deutsche Bank. The Debtor's fifth bankruptcy case was dismissed on January 8, 2013.

M.  The docket in the State Foreclosure Case reflects that a Writ of Possession was finally issued on December 3, 2013, nearly two years after Deutsche Bank obtained title. Mr. Wells filed this case, his sixth bankruptcy case, on December 5, 2013, two days later. There is no suggestion of bankruptcy or anything else in the docket in the State Foreclosure Case reflecting the filing of this bankruptcy case. Instead, the docket reflects that emergency motions were filed in the State Foreclosure Case in an effort to stop the execution of the Writ of Possession. In this bankruptcy case, like in the last case, the Debtor falsely claims in his Schedule A that he is the owner of the 14th Ave. Home [DE# 11, p. 3].

7

N. Further evidence of misrepresentations by this Debtor are found by comparing the Schedule B of personal property he filed in this case, listing property with a total value of $3,100 [DE# 11, p 4-6], with the Allegedly Lost Property [DE# 68].[3] In his list of Allegedly Lost Property, the Debtor attaches invoices for a vast array of electronics and other goods. The first two invoices alone total $48,422.85 and $64,007.40. None of these items, which are purportedly items wrongfully removed from the 14th Ave. Home, were listed on his schedules.

## Discussion

Bankruptcy is "intended to give a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 127 (2007) (citation omitted). Bankruptcy petitions filed in bad faith can be dismissed pursuant to 11 U.S.C. §707(b)(3)(A). *In re Ricci*, 456 B.R. 89, 105 (Bankr. M.D. Fla. 2009). While bad faith is not defined in the Bankruptcy Code, "[t]he common thread running through all of the indicia of bad faith is improper intent. A debtor, for bad faith to exist, must have purposefully acted and such action [must have been] motivated by an improper purpose." *Id.*

---

[3] The Debtor amended schedule B to include $3,750 of personal property [DE #47].

8

The Court's findings in this Order are all based on matters of record. Now that the Court has taken the time to conduct this extensive review, there is only one inescapable conclusion: this Debtor has abused the bankruptcy process and, along with others, has caused substantial delay and cost to Deutsche Bank in its six year effort to complete its foreclosure. This is the Debtor's sixth bankruptcy case, and each of the last five were filed to either stop the foreclosure sale or try to stop a lawful eviction by the bank after the foreclosure sale finally took place and the bank obtained title. In short, this bankruptcy case has been filed in bad faith. As such, the Court finds that the Motion for Sanctions should be denied and that a hearing should be scheduled at which the Debtor must appear and show cause why this case should not be dismissed with prejudice for 2 years. Therefore, it is

Based upon the foregoing, it is –

**ORDERED** as follows:

1. The Debtor shall appear in person before this Court on **September 8, 2014 at 12:00 p.m. (noon)**, at the U.S. Bankruptcy Court, 51 S.W. First Avenue, Courtroom 1406, Miami, FL 33130, to show cause why this case should not be dismissed with prejudice for 2 years. The Court will delay the start of this

hearing if the 341 meeting of creditors currently scheduled for September 8, 2014 at 11:30 a.m. has not concluded by noon.

    2.    The Motion for Sanctions is denied with prejudice.

###

COPIES TO:

Mack L. Wells
15020 S. River Dr.
Miami, Florida 33167

Soneet Kapila, Trustee.

AUST

10

EXHIBIT A

When recorded return to: _____

# Quitclaim Deed:

CFN 2014R0147196
OR Bk 29046 Pgs 3661 - 3662; (2pgs)
RECORDED 02/27/2014 11:23:35
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

THIS QUITCLAIM DEED, executed this __10TH__ day of __JANUARY__, 200_9_,
by first party, Grantor, __Larry Williams__
whose post office address is __14100 NW 14TH Ave. Miami FL. 33167__
to second party, Grantee, __Maurice Symonette, Mack L. Wells__
whose post office address is __14100 NW 14TH Ave. Miami FL. 33167__

WITNESSETH, That the said first party, for good consideration and for the sum of _____ __TEN__ Dollars ($ __10.00__ ) paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of __Miami Dade__, State of __Florida__ to wit: _____

Full Legal Description/Folio: 30-2123-000-0108

23 52 55 AC BEG 25FT W & 455 FTS OF NE Corner OF NW 1/4 OF SW 1/4 Th S100Ft W261 45Ft Th N 23 Deg 11 min 57 SEC E108.09Ft TH E219 14Ft to POB Lot Size Irregular OR 16506-4669 0994 3 COC 21411-4977 06 2003 4

01/25/2009.

Exhibit B



CFN 2012R0628639
OR Bk 28258 Pgs 0968 - 969; (2pgs)
RECORDED 09/05/2012 12:50:34
DEED DOC TAX 241.20
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

DEUTSCHE BANK NATL TR CO (TR)
Plaintiff(s) / Petitioner(s)
VS.
WILLIAMS, LEROY, et al.
Defendant(s) / Respondents(s)

GENERAL JURISDICTION DIVISION
Case No:         07023371CA01
Section:         22
Doc Stamps:      $241.20
Surtax:          $0.00
Consideration:   $40,200.00

### CERTIFICATE OF TITLE

**The undersigned clerk** of the court certifies that a Certificate of Sale was executed and filed in this action on December 01, 2011, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Miami-Dade County, Florida:

- SEE ATTACHMENT -

was sold to:
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT MORTGAGE SECURITIES, INC. ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2005-W5 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2005, WITHOUT RECOURSE
C/O AMERICAN HOME MORTGAGE
3 ADA
IRVINE, CA, 92618

WITNESS my hand and the seal of this court on August 29, 2012.

Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida

Rev. 10/5/2009

1