United States Bankruptcy Court
Southern District of Florida

In re:                                                    Case No. 18-15891-LMI
Maurice Symonette                                         Chapter 7
          Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: cgrimm          Page 1 of 1          Date Rcvd: Aug 16, 2018
                              Form ID: pdf004       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 18, 2018.
db              +Maurice Symonette,   14100 NW 14 AVE,   Miami, FL 33167-1203

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 18, 2018                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 16, 2018 at the address(es) listed below:
          Jeffrey S Fraser    on behalf of Creditor   HSBC Bank USA, National Association as Trustee for
           Nomura Home Equity Loan, Inc., AssetBacked Certificates, Series 2007-1 bkfl@albertellilaw.com,
           anhsalaw@infoex.com
          Joel L Tabas    JLT@tfsmlaw.com,
           kborrego@tabassoloff.com;jtabas@ecf.epiqsystems.com;jcepero@tabassoloff.com;lshortino@tabassoloff
           .com
          Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
                                                                          TOTAL: 3



**ORDERED in the Southern District of Florida on August 16, 2018.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                          Case No.  18-15891-BKC-LMI

MAURICE SYMONETTE,                                          Chapter 7

             Debtor.

_____/

### ORDER TO SHOW CAUSE WHY BANKRUPTCY CASE SHOULD NOT BE DISMISSED FOR FIVE YEARS

This matter came before the Court *sua sponte* at a hearing on August 8, 2018 on HSBC

Bank USA, N.A. as Trustee for Nomura Home Equity Loan, Inc., Asset Backed Certificates,

Series 2007-1's ("HSBC") Supplemental Motion for Annulment of the Automatic Stay *Nunc Pro*

*Tunc* to May 14, 2018; or in the Alternative, a Determination that the Automatic Stay did not

Apply to HSBC in Relation to an Eviction on Real Property Located at 10290 SW 58th Street,

Miami, Florida 33173 (the "Motion for Relief from the Automatic Stay") (ECF #51). At the

hearing, for the reasons more fully set forth below, the Court announced that the dismissal of the

Debtor's case would be with prejudice for five years. Because the Debtor did not receive notice

Case No.  18-15891-BKC-LMI

that the Court would consider dismissing the case for five years, the Court has determined it is

appropriate to give the Debtor the opportunity to set forth in writing why his case should not be

dismissed with a five-year prejudice period.

At the August 8, 2018 hearing, the Court made the following findings:

1.      The Debtor testified that he filed the instant case for the purpose of stopping an

eviction from the property located at 10290 S.W. 58th Street, Miami, Florida 33173 (the

"Property") and to obtain a stay pending an apparent appeal to the Florida Third District of

Appeal.[1]

2.      The Debtor has filed each of the following bankruptcy cases in the Southern

District of Florida, all of which have been dismissed:

| Case Number | Date Filed | Date Dismissed |
|---|---|---|
| 95-13516-RAM | 7/21/95 | 3/4/96 |
| In re Maurice Symonette | | |
| 98-15366-RAM | 6/12/98 | 7/19/99 |
| In re Maurice Symonette | | |
| 99-16706-RAM | 7/7/99 | 8/6/99 |
| In re Maurice Symonette | | |
| 08-23786-LMI | 9/23/08 | 12/4/08 |
| In re Maurice Symonette | | |
| 12-23756-LMI | 6/4/12 | 1/11/13 |
| In re Maurice Symonette | | |
| 15-28143-JKO | 10/13/15 | 3/25/16 |
| In re Maurice Symonette | | |
| 16-20959-EPK | 8/8/16 | 7/11/17 |
| In re Maurice Symonette | | |
| 18-15891-LMI | 5/16/18 | Pending |
| In re Maurice Symonette | | |

3.      In response to this Court's observation that the Debtor never performed his

---

[1] It is not clear whether there is an appeal pending, and if so, an appeal of what, since the certificate of title pursuant to which HSBC obtained title to the Property was issued in 2015, and any appeal period relating to that sale would have expired long ago.

obligations as a debtor in any of his bankruptcies, the Debtor testified that in each bankruptcy,

once he was evicted from whatever property he was occupying at the time of each bankruptcy,

there was no point continuing with the bankruptcy. In other words, the Debtor conceded that he

filed each bankruptcy for the purpose of invoking the automatic stay. Once that benefit was lost,

the bankruptcy served no further purpose.

4.      In addition, the Debtor has been involved as a purported co-owner or tenant of

real property in at least the following bankruptcy cases:

| Case Number | Date Filed | Date Dismissed |
|---|---|---|
| 13-39018-RAM | 12/05/13 | 9/11/14 |
| In re Mack L. Wells | | |
| 12-10066-LMI | 1/03/12 | 1/31/13 |
| In re Kurt Marin | | |

5.      In the Debtor's 2012 case (12-23756-LMI), and in the Kurt Marin case (12-

10066-LMI), as well as in the instant case, the Debtor claimed his personal property was

removed from real property in which he claimed a tenancy or ownership, in violation of the

automatic stay, which personal property was allegedly ruined by rain when the

landlord/bank/sheriff put the Debtor's property outside whatever dwelling was being occupied.

However, at least in the two cases before this Court in which the Debtor made these claims he

was unable to provide proof.

6.      Coincidentally, Mr. Mack Wells made a similar claim in his case. Mr. Mack

Wells claimed that he had personal property removed from his property in violation of the stay

and that some of the personal property had been "taken." [2]

---

[2] *See* Case No. 13-39018-RAM, ECF #39.

3

7.      The Debtor[3] has clearly abused the privilege of filing bankruptcy by using the

bankruptcy courts only as part of his efforts to thwart the exercise by secured creditors, landlords

and homeowner associations of their rights in property in which the Debtor claims some interest.

These filings appear to coincide, as in this case, only after such secured creditor, landlord or

association, is close to realizing its interest in the property at issue.

8.      Bankruptcy is a privilege not a right. It is designed to provide relief to the "honest

but unfortunate debtor." *Grogan v. Garner,* 498 U.S. 279, 286-87 (1991).

9.      A case that is filed solely for the purpose of triggering the automatic stay and for

no other purpose is a bad faith filing. *See, e.g., In re Curtis L.Stuart@UCC1-207,* 2005 WL

3953894, at *4 (Bankr. N.D. Ga. 2005) (concluding bad faith exists where the debtor files

bankruptcy for the "sole purpose of invoking the automatic stay.")

10.     This Debtor has filed at least eight bankruptcy cases[4] solely to invoke the

automatic stay. This Debtor has abused the privilege and now must lose the privilege.

It is therefore ORDERED as follows:

1.      The Debtor, Maurice Symonette shall have until Wednesday, August 29,
        2018 at 12:00 p.m. to file a response to this Order to Show Cause setting
        forth any reasons he believes this Court should reduce the five-year
        prejudice period.

2.      If no response is timely filed the Court will enter a final order dismissing
        this case with a five-year prejudice period with respect to any court in the
        United States.

---

[3] It is not just the Debtor who has abused the bankruptcy system with this pattern, but this order only addresses the
Debtor's abuse, not the cases filed by the Debtor's associates.
[4] The cases listed are only those filed in the Southern District of Florida – in all three divisions. The Court has not
reviewed the dockets of
other districts.

Case No.  18-15891-BKC-LMI

3.    If a response is filed the Court will consider whether a hearing is necessary prior to ruling on the prejudice period.

### 

Copies furnished to:
Maurice Symonette, pro se Debtor

*The Clerk shall serve a copy of this order upon all parties in interest.*

5