United States Bankruptcy Court
Southern District of Florida

In re:                                                                  Case No. 18-15891-LMI
Maurice Symonette                                                       Chapter 7
      Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: cgrimm          Page 1 of 1          Date Rcvd: Aug 17, 2018
                              Form ID: pdf004       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 19, 2018.
db             +Maurice Symonette,    PO Box 222692,    Hollywood, FL 33022-2692

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 19, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 17, 2018 at the address(es) listed below:
        Jeffrey S Fraser    on behalf of Creditor    HSBC Bank USA, National Association as Trustee for
        Nomura Home Equity Loan, Inc., AssetBacked Certificates, Series 2007-1 bkfl@albertellilaw.com,
        anhsalaw@infoex.com
        Joel L Tabas    JLT@tfsmlaw.com,
        kborrego@tabassoloff.com;jtabas@ecf.epiqsystems.com;jcepero@tabassoloff.com;lshortino@tabassoloff.com
        Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
                                                                                                TOTAL: 3

Case 18-15891-LMI    Doc 85    Filed 08/19/18    Page 2 of 3



**ORDERED in the Southern District of Florida on August 16, 2018.**

*Laurel M. Isicoff*
**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:                                                          Case No. 18-15891-BKC-LMI

MAURICE SYMONETTE,                              Chapter 7

       Debtor.
_____/

## ORDER DENYING MOTION TO RECONSIDER

This matter came before the Court upon the Debtor's Motion to Reconsider (the "Motion") (ECF #71) filed on August 14, 2018. The Debtor requests that the Court reconsider its Order Confirming There is No Automatic Stay in Effect (ECF #65).

Based upon the record, it is

**ORDERED as follows**:

1.     The Motion is DENIED.

2.     The Debtor previously filed Case No. 16-20959-EPK in the Bankruptcy Court for the Southern District of Florida on August 8, 2016. The case was closed on October 27, 2017. The Debtor then filed this case on May 16, 2018. 11 U.S.C. §362(c)(3)(A) states

Case No. 18-15891-BKC-LMI

that if a debtor has two cases pending within a year the automatic stay terminates "on the 30th day of the filing of the later case." So, the automatic stay in this case expired on June 15, 2018.

3. The Debtor would have had to file a motion to extend the stay and have that motion heard by the Court before June 15, 2018. If the Court had granted the Motion, then and only then would the automatic stay in this case have been extended. Because the Debtor did not file a timely motion to extend the automatic stay, there is no stay in effect.

###

Copies furnished to:
Maurice Symonette, pro se Debtor

*The Clerk shall serve a copy of this order upon all parties in interest.*

2