

**ORDERED in the Southern District of Florida on September 24, 2018.**

*/s/ Laurel M. Isicoff*
**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                   Case No.  18-15891-BKC-LMI

MAURICE SYMONETTE,                       Chapter 7

       Debtor.
_____/

**ORDER DISMISSING BANKRUPTCY CASE
FOR FIVE YEARS AND DENYING REQUEST FOR RECUSAL**

This matter came before the me *sua sponte* at a hearing on August 8, 2018 on the

Supplemental Motion filed by HSBC Bank USA, N.A. as Trustee for Nomura Home Equity

Loan, Inc., Asset Backed Certificates, Series 2007-1's ("HSBC") for Annulment of the Automatic Stay *Nunc Pro Tunc* to May 14, 2018; or in the Alternative, a Determination that the Automatic Stay did not Apply to HSBC in Relation to an Eviction on Real Property Located at 10290 SW 58th Street, Miami, Florida 33173 (the "Motion for Relief from the Automatic Stay") (ECF #51). At the hearing, I announced that the dismissal of the Debtor's case would be with prejudice for five years. Because the Debtor did not receive notice that I would consider dismissing the case for five years, I issued an Order to Show Cause Why Bankruptcy Case Should Not Be Dismissed for Five Years (ECF #73) (the "Order to Show Cause") giving the Debtor the opportunity to set forth in writing why his case should not be dismissed with a five-year prejudice period. The Debtor timely filed his Answer to Bankruptcy Court As to Why I Should Not Be Supended [*sic*] From Filing Bankruptcy for Five Years (ECF #89) (the "Response"). In his Response, the Debtor also requested that I recuse myself from this bankruptcy case. For the reasons set forth below, the Debtor's request that I recuse myself is DENIED and this bankruptcy case is DISMISSED with prejudice for five years.

At the August 8, 2018 hearing, and already set forth in the Order to Show Cause, I made the following findings:

1. The Debtor testified that he filed the instant case for the purpose of stopping an eviction from the property located at 10290 S.W. 58th Street, Miami, Florida 33173 (the "Property") and to obtain a stay pending an apparent appeal to the Florida Third District of Appeal.[1]

---

[1] It is not clear whether there is an appeal pending, and if so, an appeal of what, since the certificate of title pursuant to which HSBC obtained title to the Property was issued in 2015, and any appeal period relating to that sale would

Case No.  18-15891-BKC-LMI

2. The Debtor has filed each of the following bankruptcy cases in the Southern District of Florida, all of which have been dismissed:

| Case Number | Date Filed | Date Dismissed |
|---|---|---|
| 95-13516-RAM<br>In re Maurice Symonette | 7/21/95 | 3/4/96 |
| 98-15366-RAM<br>In re Maurice Symonette | 6/12/98 | 7/19/99 |
| 99-16706-RAM<br>In re Maurice Symonette | 7/7/99 | 8/6/99 |
| 08-23786-LMI<br>In re Maurice Symonette | 9/23/08 | 12/4/08 |
| 12-23756-LMI<br>In re Maurice Symonette | 6/4/12 | 1/11/13 |
| 15-28143-JKO<br>In re Maurice Symonette | 10/13/15 | 3/25/16 |
| 16-20959-EPK<br>In re Maurice Symonette | 8/8/16 | 7/11/17 |
| 18-15891-LMI<br>In re Maurice Symonette | 5/16/18 | Pending |

3. In response to my observation that the Debtor never performed his obligations as a debtor in any of his bankruptcies, the Debtor testified that in each bankruptcy, once he was evicted from whatever property he was occupying at the time of each bankruptcy, there was no point continuing with the bankruptcy. In other words, the Debtor conceded that he filed each bankruptcy for the purpose of invoking the automatic stay. Once that benefit was lost, the bankruptcy served no further purpose.

4. In addition, the Debtor has been involved as a purported co-owner or tenant of real property in at least the following bankruptcy cases:

| Case Number | Date Filed | Date Dismissed |
|---|---|---|
| 13-39018-RAM<br>In re Mack L. Wells | 12/05/13 | 9/11/14 |

---

have expired long ago.

Case No. 18-15891-BKC-LMI

12-10066-LMI                  1/03/12                  1/31/13
In re Kurt Marin

5.         In the Debtor's 2012 case (12-23756-LMI), and in the Kurt Marin case (12-10066-LMI), as well as in the instant case, the Debtor claimed his personal property was removed from real property in which he claimed a tenancy or ownership, in violation of the automatic stay, which personal property was allegedly ruined by rain when the landlord/bank/sheriff put the Debtor's property outside whatever dwelling was being occupied. However, at least in the two cases before me the Debtor made these claims and was unable to provide proof.

The Debtor[2] has clearly abused the privilege of filing bankruptcy by using the bankruptcy courts only as part of his efforts to thwart the exercise by secured creditors, landlords and homeowner associations of their rights in property in which the Debtor claims some interest. These filings appear to coincide, as in this case, only after such secured creditor, landlord or association, is close to realizing its interest in the property at issue.

In the Response, the Debtor generally confirmed what he originally told me at the August 8 hearing - that he filed bankruptcy to take advantage of the automatic stay. The Debtor also outlines some serious allegations regarding racist comments and actions, which, if true, are repulsive and disturbing. But, at such times as the Debtor brought issues before me for recourse regarding alleged stay violations he was given the opportunity to prove his allegations, and in each instance he failed to do so.

As I previously stated, bankruptcy is a privilege not a right. It is designed to provide relief to the "honest but unfortunate debtor." *Grogan v. Garner,* 498 U.S. 279, 286-87 (1991). A case

---

[2] It is not just the Debtor who has abused the bankruptcy system with this pattern, but this order only addresses the

4

that is filed solely for the purpose of triggering the automatic stay and for no other purpose is a bad faith filing. *See, e.g., In re Curtis L.Stuart@UCC1-207,* 2005 WL 3953894, at *4 (Bankr. N.D. Ga. 2005) (concluding bad faith exists where the debtor files bankruptcy for the "sole purpose of invoking the automatic stay.")

This Debtor has filed at least eight bankruptcy cases[3] solely to invoke the automatic stay. This Debtor has abused the privilege and now must lose the privilege.

The Debtor argues in his Response that, because I have determined that he has abused the bankruptcy process and that it is appropriate to dismiss his bankruptcy case with a lengthy prejudice period, I am a racist, and that I must, therefore recuse myself. The Debtor has not cited any other reason for me to recuse myself.

The Debtor has not cited any particular statute section upon which he is requesting my recusal. I will assume the basis for the request is 28 U.S.C. §§455(a) or (b)(1) since the Debtor has not followed the procedures for recusal under 28 U.S.C. §144. Subsection 455(a) provides, in relevant part, that a "judge…shall disqualify himself in any proceeding in which his impartiality might reasonable be questioned." Section 455(b)(1) states that a judge "shall also disqualify himself . . . (1) Where he has a personal bias or prejudice concerning a party . . .".

A court's determination of "whether a judge's impartiality might reasonably be questioned under subsection 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process." *Davis v. Jones*, 506 F.3d 1325, 1332 n. 12 (11th Cir. 2007) (internal citations omitted). The standard for recusal based on

---

Debtor's abuse, not the cases filed by the Debtor's associates.
[3] The cases listed are only those filed in the Southern District of Florida – in all three divisions. I have not reviewed

Case No. 18-15891-BKC-LMI

a claim of lack of impartiality is objective reasonableness. *Cheney v. U.S. Dist. Court for D.C.*, 541 U.S. 913, 924 (2004). The judge must "ensure that the matters before the court are decided by a judiciary that is impartial both in fact and in appearance." *In re Evergreen Sec., Ltd.*, 363 B.R. 267, 295 (Bankr. M.D. Fla. 2007). However, courts uniformly hold that moving for recusal as a tactic when a litigant is displeased with the court's rulings is an inappropriate use of recusal procedures. *Id.* at 296.

In order to establish grounds for disqualification under subsection 455(b)(1), the Debtor was required to present evidence of a "negative bias or prejudice [which] must be grounded in some personal animus or malice that the judge harbors against him." . . . The standard for finding actual bias is objective, and that "it is with reference to the 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical and suspicious person' that the objective standard is currently established." *In re Damerau,* 525 B.R. 799, 803 (Bankr. S.D. Fla. 2015) (citations omitted).

Other than my having ruled against the Debtor, the Debtor has not cited any other reason that I am a racist. Ruling against a party does not demonstrate a personal animus or malice, and indeed, I have made clear on the record that I have no malice against the Debtor, but, nonetheless I will not tolerate his abuses of the bankruptcy system.

For the foregoing reasons, it is **ORDERED** as follows:

1.     I do not require an additional hearing in order to determine that it is appropriate to dismiss this bankruptcy case with prejudice for a period of five years.

2.     The Debtor's request for recusal is DENIED.

the dockets of other districts.                                             6

Case No.  18-15891-BKC-LMI

3. This case is DISMISSED with prejudice. The Debtor may not file bankruptcy in any district in the United States for a period of five years from the date of this order.

###

Copies furnished to:
Maurice Symonette, pro se Debtor

*The Clerk shall serve a copy of this order upon all parties in interest.*